## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

|  |  |
|---|---|
| PROTEGRITY CORPORATION )<br>    a Cayman Islands Company, and )<br>PROTEGRITY USA, INC. )<br>    a Delaware Corporation, )<br>Plaintiffs, )<br>)<br>v. )<br>)<br>GAZZANG, INC. )<br>    a Texas Corporation, )<br>)<br>Defendant. ) | Civil Action No. _____<br><br><br><br>JURY TRIAL DEMAND |

## COMPLAINT AND JURY DEMAND

Plaintiffs, PROTEGRITY CORPORATION, and PROTEGRITY USA, Inc. by and through their undersigned attorneys, allege, upon information and belief, as follows:

THE PARTIES

1.  Plaintiff, Protegrity Corporation, is a corporation incorporated under the laws of the country of The Cayman Islands. Plaintiff Protegrity USA, Inc. is Protegrity Corporations' principal operating subsidiary in the United States. Protegrity USA, Inc., a Delaware Corporation, having its principal place of business at 5 High Ridge Park, Stamford, Connecticut 06905.

2.  Upon information and belief, Defendant, Gazzang, Inc. is a Texas Corporation, having its principal place of business in Texas and having an office at 600 Congress Avenue, Suite 1650, Austin, Texas 78701. Upon information and belief, Gazzang, Inc. has been acquired by Cloudera, Inc., believed to be a Delaware Corporation with an address at 1001 Page Mill

Road, Building 2, Palo Alto, California, 94304.

3. This action has arisen under the patent laws of the United States, Title 35 United States Code, Section 271 *et seq.*

4. Jurisdiction of this action arises under 28 U.S.C. §1338(a).  Venue is predicated under 28 U.S.C. §1391(c).

## BACKGROUND

5. Gazzang offered to sell zTrustee ("Defendant's Database Security Product").  On information and belief, Defendant's Database Security Product has been integrated into one or more Cloudera products.

6. Defendant's Database Security Product is a method for detecting intrusion in a database system.

7. Defendant's Database Security Product is a secure vault for storing any data object that must be policy controlled.

8. Defendant's Database Security Product enforces policies for governing access to data stored within its secure vault.  On information and belief, these policies include (or have included) deposit retrieval limits.

9. Protegrity notifies the public and related industries of its patent portfolio by, among other things, publishing such information on its website.

10. Defendant and Protegrity compete for the same customers.

## COUNT I

11. On October 10, 2006, United States Patent Number 7,120,933 (hereinafter "'933 Patent") entitled "Method for Intrusion Detection in a Database System" was duly and regularly issued.  A copy of the '933 Patent is attached hereto as Exhibit "A".

12. Protegrity Corporation is the owner of the '933 Patent. Protegrity Corporation has the right to sue for patent infringement. Aside from covenants not to sue granted in unrelated litigation, Protegrity USA, Inc. is an exclusive licensee to the '933 Patent.

13. Upon information and belief, Defendant has directly infringed at least one claim of the '933 Patent by having made, used or sold Defendant's Database Security System, which duly embodies the invention as claimed therein.

## COUNT II

14. On September 22, 2009, United States Patent Number 7,594,266 (hereinafter "266 Patent") entitled "Data Security and Intrusion Detection" was duly and regularly issued. A copy of the '266 Patent is attached hereto as Exhibit "B".

15. Protegrity Corporation is the owner of the '266 Patent. Protegrity Corporation has the right to sue for patent infringement. Aside from covenants not to sue granted in unrelated litigation, Protegrity USA, Inc. is an exclusive licensee to the '266 Patent.

16. Upon information and belief, Defendant has directly infringed at least one claim of the '266 Patent by having made, used or sold Defendant's Database Security System, which duly embodies the invention as claimed therein.

17. Plaintiffs have been damaged by the acts of infringement complained of herein.

18. This case is "exceptional" within the meaning of 35 USC § 285 based on Defendant's conduct.

WHEREFORE, Plaintiffs pray that:

A. Defendant be required to account to Plaintiffs for the damages recoverable by Plaintiffs under 35 U.S.C. §284 as a result of the wrongful making, using, and selling of Plaintiff's inventions as claimed in Plaintiff's '933 and '266 Patents, the exact extent of which

cannot now be determined by Plaintiff, and that all of such damages be trebled.

    B.    Plaintiffs be awarded reasonable attorney fees;

    C.    Plaintiffs be allowed their costs; and

    E.    Such other and further relief be granted to which Plaintiffs may be justly entitled.

## JURY DEMAND

Plaintiffs demand a trial by jury.

November 30, 2015

        Respectfully submitted,

        */s/ Theodore G. Baroody*
        Woodrow H. Pollack  (*PHV to be filed*)
        Florida Bar Number 26802
        GRAYROBINSON, PA
        Suite 2700
        401 E. Jackson Street
        Tampa, Florida 33602
        (813) 273-5000
        (813) 273-5145 facsimile
        woodrow.pollack@gray-robinson.com

        Theodore G. Baroody
        Texas Bar No. 01797550
        Carstens & Cahoon, LLP
        13760 Noel Rd., Suite 900
        Dallas, TX 75240
        972-367-2001
        972-367-2002 facsimile
        baroody@cclaw.com

        *Attorneys for Plaintiffs*